**Union Cold Storage and Warehouse Company, Plaintiff in Error, v. Lapidus and Holub Company, Defendant in Error.**

**Gen. No. 17,374.**

1. WAREHOUSEMEN—*when liable for damage from negligence.* In an action for storage charges an off-set was claimed for apples frozen through negligence, the evidence was conflicting whether, after an allowance had been made for three barrels found on inspection to be damaged, the warehouseman was to be notified whether any more damaged apples were found, or whether, a sale was authorized of all damaged apples at the price they would bring, the warehouseman to stand the loss. The apples were taken from storage for immediate sale and the three barrels in-

Union C. S. and W. Co. v. Lapidus and Holub Co., 172 Ill. App. 283.

spected were of a wagon load of twenty eight barrels, and the inspector was there to adjust the loss. *Held*, a verdict allowing the off-set would not be disturbed.

2. WAREHOUSEMEN—*evidence admissible in off-setting damage against storage charges.* Where there is evidence in an action for storage that the warehouseman authorized a sale of damaged apples at his loss, evidence as to the sales of the apples and sales tickets made out by the person who stored the apples is admissible in evidence.

3. WITNESSES—*when sales tickets may be used to refresh recollection.* Where a person having stored apples in a warehouse is authorized to sell damaged apples at the loss of the warehouseman, sales tickets made at the time may be used to refresh the recollection of a witness as to the amounts of the sales.

4. WAREHOUSEMEN—*what sufficient basis to compute damage.* Where part of a lot of apples stored in a warehouse are frozen and damages for the loss are sought to be offset against storage charges, evidence of what the apples of the same lot, which were not frozen, were worth and sold for, of the amount realized from the sale of the frozen apples, and that there was no market price for frozen apples, contains all the elements necessary to the finding of the correct damages.

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

CULVER & KING, for plaintiff in error.

HARRY J. GANEY, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Plaintiff in error, a public warehouseman, brought an action in the Municipal Court of Chicago to recover from defendant in error the sum of $379.35 due for storage charges on 200 barrels of apples. Defendant 'in error claimed a set-off of $400 against this amount, alleging that by reason of the negligent manner in which plaintiff in error had stored and handled sixty barrels of the apples, said apples were frozen and damaged to the extent mentio d. Plaintiff in error offered to allow $6 or $2 per ᵇ rrel, for three barrels

of apples which their representative had examined and found damaged, which allowance was credited in plaintiff's statement of claim, but defendant in error claimed that 60 barrels additional were in the same damaged condition.

Upon trial, the jury rendered a verdict in favor of plaintiff in error in the sum of $259.35, evidently allowing defendant in error's claim of set-off at the rate of $2 each on the sixty barrels, and judgment was entered accordingly. Plaintiff in error assigns as grounds for a reversal of the judgment, that the verdict was against the weight of the evidence, and that the court erred in its rulings upon the admission of evidence, and in overruling plaintiff in error's motion for a new trial.

It was admitted on the trial by defendant in error that the plaintiff in error's claim, amounting to $379.35 for storage was correct and was due to the plaintiff in error, so that the controversy before the trial court was as to the claim of set-off as disclosed by the affidavit of merits filed by the defendant in error, claiming damages to sixty barrels of apples on account of the negligence of plaintiff in error in storing them. Upon this claim there is a conflict in the testimony as to what arrangement was made at the time it was discovered that some of the apples were frozen and in bad condition. Douglas, manager of plaintiff in error, testified that he examined three barrels of the apples and found them to be damaged, and agreed to allow credit therefor; also that he requested that if any more were found to be damaged he should be notified so that he could inspect them, but that he heard nothing further. On the other hand, two witnesses for the defendant in error testified that Douglas, after examining the three barrels, told them to sell the apples at what price they could obtain, and that he would make it all right. The controversy between the parties is as to whether the talk with Douglas and the direc-

tion by Douglas to sell the damaged apples covered only the three barrels inspected by him at the time of the conversation, or applied to the whole lot stored with plaintiff in error.

The controversy thus outlined was submitted to and passed upon by the jury, and we are unable to say, from a study of the evidence, that the conclusion of the jury was wrong upon the merits of the case. There is ground for the conclusion that the testimony of Douglas is not reasonable when considered in the light of all the facts in the case. The apples had been brought from storage to defendant in error's place of business for immediate sale. It was to the interest of all concerned that they be sold as soon as possible. There were twenty-eight barrels of apples on the wagon when Douglas came to examine them and examined the three barrels, two of which were taken off the wagon in his presence. He admitted that the three barrels examined by him were damaged and allowed then and there a credit of $2 per barrel for the three barrels. He was there for the purpose of adjusting the loss. The apples had been taken from storage for immediate sale, and the jury evidently took the view that it was not reasonable to believe that Douglas postponed the examination of the rest of the barrels to some future day, or that the defendant in error assented to any such arrangement.

If, as the jury found, the arrangement was made as testified to by the witnesses Urick and Holub on behalf of defendant in error, there was no error in admitting the testimony as to the sales of the apples by defendant in error, or in admitting in evidence the sales tickets made out by defendant in error for the sale of the apples. The amounts of the sales were testified to, using the sales tickets made out at the time to refresh the recollection of the witnesses, which, we think, was proper. It was also shown what price the apples of the same lot, which were not frozen or injured, were

worth and sold for. There was no market price for frozen apples so far as the evidence shows, and the jury had before it all the elements necessary to find the correct damages in the case.

The judgment is affirmed.

*Affirmed.*